**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**ALISA M. JONES,**

**Plaintiff,**

**v.**

**Civil Action 2:26-cv-1158**
**Judge James L. Graham**
**Magistrate Judge Chelsey M. Vascura**

**FRANKLIN COUNTY HR-BENEFITS AND WELLNESS,**

**Defendant.**

**ORDER**

This matter is before the Court on two motions by Plaintiff: a Motion to Redact Residential Address from Public Docket ("Motion to Redact," ECF No. 9) and Plaintiff's Request for Ordinary Mail Service ("Motion for Ordinary Mail Service," ECF No. 12). For the reasons below, both motions are **DENIED**.

Turning first to Plaintiff's Motion to Redact: There is a strong presumption in favor of public access to judicial records. *Stanley v. Turner Oil & Gas Properties, Inc.*, No. 2:16-CV-386, 2017 WL 5068444, at *1 (S.D. Ohio July 24, 2017). The Sixth Circuit has directed that documents filed with the Court may be placed under seal "[o]nly for the most compelling reasons." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). "A movant's obligation to provide compelling reasons justifying the seal exists even if the parties themselves agree the filings should be sealed." *White v. Wilberforce Univ.*, No. 1:16-CV-1165, 2017 WL 3537233, at *2 (S.D. Ohio Aug. 17, 2017) (emphasis in original) (citing *Rudd Equip.*

*Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016)). The proponent of sealing therefore must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 548 (7th Cir. 2002)). These reasons and legal citations must be sufficient for a district court to "set forth specific findings and conclusions which justify nondisclosure to the public." *Rudd Equip. Co., Inc.*, 834 F.3d at 594. "Proponents of closure bear the burden of showing that disclosure will work a clearly defined and serious injury." *Shane Grp.*, 825 F.3d at 307 (cleaned up). Further, "in civil litigation, only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is typically enough to overcome the presumption of access." *Id.* at 308 (cleaned up).

Here, Plaintiffs' Motion to Redact fails to meet the high standard set forth by the Sixth Circuit. Plaintiff asserts only that removing her home address from the public docket will ensure Plaintiff's privacy, and that because she has been granted e-filing privileges, it is not necessary for the Court to send her Court documents via regular mail. (Mot. to Redact 1, ECF No. 9.) But the standard is not whether there is a practical necessity to keep the to-be-sealed information on the public docket; the standard is whether there are compelling reasons (*i.e.*, a clearly defined potential injury of serious harm) for keeping the information secret. A "naked conclusory statement" that public disclosure will injure the proponent of the seal, such as Plaintiff's generalized appeal to privacy, "falls woefully short of the kind of showing which raises even an arguable issue as to whether it may be kept under seal." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1180 (6th Cir. 1983) (quoting *Joy v. North*, 692 F.2d 880 (2d Cir. 1982)).

Moreover, none of the information in question constitutes a trade secret, privileged information, or information required by statute to be maintained in confidence. *See Shane Grp.*, 825 F.3d at 308. Plaintiff therefore has not demonstrated good cause to redact her address from the public docket.

Turning next to Plaintiff's Motion for Ordinary Mail Service: Ordinary mail service of the summons and Complaint is permitted under this Court's local rules only if the initial certified mailing was returned as "refused" or "unclaimed." *See* S.D. Ohio Civ. R. 4.2(c). In this case, however, the certified mailing of the summons and Complaint issued by the Clerk was returned to the Court "due to heightened security concerns" because the mailing that Plaintiff provided to the Clerk was a "mailpiece over one-half inch thick that uses POSTAGE STAMPS" and/or a "mailpiece that weighs more than 10 oz and uses POSTAGE STAMPS." (*See* Summons Returned Unexecuted, ECF No. 10.) Such mailpieces "must be presented by the customer to a retail service associate at a Post Office location for shipment." (*Id.*) Because the Clerk's office relies on mail being picked up from the Courthouse, rather than presenting mail to a post office, Plaintiff cannot submit large mailings like her 170-page Complaint to the Clerk for certified mail service using postage stamps. Instead, she may use a prepaid mailing label with a barcode when submitting large documents for certified mailing by the Clerk.

For these reasons, Plaintiff's Motion to Redact (ECF No. 9) and Motion for Ordinary Mail Service (ECF No. 12) are **DENIED**.

**IT IS SO ORDERED.**

*/s/ Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE